Robert SCHENCK, Plaintiff-Appellant,

v.

BEAR, STEARNS & CO., INC., Merkin & Co., Inc., GAC Properties Credit, Inc. and GAC, Inc., Defendants-Appellees.

No. 963, Docket 78–7118.

·United States Court of Appeals, Second Circuit.

Submitted June 22, 1978.

Decided Aug. 15, 1978.

Ernest H. Hammer, Hammer & Spector, New York City, on brief, for plaintiff-appellant.

M. David Hyman, New York City, on brief, for defendant-appellee Bear, Stearns & Co.

Stephen R. Steinberg, Victor P. Muskin, Reavis & McGrath, New York City, on brief, for defendant-appellee Merkin & Co., Inc.

Before MOORE, Van GRAAFEILAND and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Constance Baker Motley, *Judge,* dismissing, *sua sponte,* a complaint alleging securities laws violations, for failure to prosecute. This cause came on to be heard on the transcript of the record from the district court. The appeal was not argued orally by counsel and was taken on submission.

The complaint, dated October 1, 1976, was filed in the district court on December 3, 1976. Ten days later plaintiff served a request for the production of documents. Plaintiff consented to the requests of defendants Merkin & Co., Inc. (hereinafter "Merkin") and Bear, Stearns & Co., Inc. (hereinafter "Bear") for extensions of time to answer the complaint and respond to the request for documents. On February 2, 1977, the action was placed on the Suspense Docket.[1] The GAC defendants did not appear. As of February 15, 1977, Merkin and Bear had answered the complaint and responded to the requests for the production of documents. Bear counterclaimed for $7,400.[2] Plaintiff took no further steps to prosecute the action.

Merkin and Bear entered into three stipulations extending their respective times within which to file crossclaims against each other. The third such stipulation was presented to the district judge in late December, 1977, and signed by her on January 10, 1978. It extended the time for filing crossclaims until June 30, 1978. This third filing prompted the district judge to call a status conference which was held on January 13, 1978. According to the docket sheet, the purpose of the conference was to review the proposed third stipulation and the status of the case. Counsel for Merkin and Bear attended. Plaintiff's attorney of record, Ernest H. Hammer, was absent, but plaintiff was represented by Hammer's new law partner, James Spector. Spector stated that he was not fully familiar with the case,[3] because he had just received the file, and it was difficult to communicate with the plaintiff, who lived in Paris, France. It is undisputed that Spector indicated that he was ready to go forward with a review of the materials tendered in response to the request for documents. No stenographic minutes were taken at the conference.

Defendants' counsel made no request for a dismissal. There had been no other pretrial or scheduling conference, nor was there any judicial participation indicating that a dismissal might be in the offing.[4] *Compare Ali v. A & G Co., Inc.,* 542 F.2d 595 (2d Cir. 1976).

The district judge then endorsed the following orders on the back of the complaint:

A pretrial conference was held in this case on 1/13/78.

The within action is dismissed for failure to prosecute, no action having been taken since the filing of the complaint on 12/3/76, as to defendants Bear Stearns and Merkin.[5] It is undisputed that plaintiff filed a similar action against these two defendants in the state court on 2/4/76, in Supreme Court N.Y., and no action was taken other than filing of a summons. No complaint ever filed (Index No. 11822).

---

1. This apparently was prompted by defendant GAC Properties Credit, Inc.'s counsel's notification to the court that it had filed proceedings under Chapter XI of the Bankruptcy Act in the United States District Court for the Southern District of Florida.

2. The order dismissing this action included the counterclaim. Although Bear has not appealed, our reversal reinstates the counterclaim.

3. He was not aware of the history of this case or of the fact that a similar action was pending in state court.

4. Appellant claims that several other conferences had been similarly noticed but were cancelled for reasons other than plaintiff's convenience.

5. Actually, the plaintiff filed his request for the production of documents on January 5, 1977, and two stipulations signed by plaintiff's attorney of record, Ernest H. Hammer, extending the time to answer the complaint and respond to requests for production of documents until February 11, 1977, were approved by Judge Motley on January 28, 1977.

So Ordered

/s/ Constance Baker Motley
U.S.D.J.

N.Y. N.Y.
1/13/77 [sic]

The defendant Bear Sterns' counter-claim is dismissed for failure to prosecute also, no action by way of discovery or otherwise having been taken by this defendant:

So Ordered

/s/ Constance Baker Motley
U.S.D.J.

N.Y. N.Y.
1/13/78

On the bottom of the order of February 2, 1977, which had originally transferred the action to the Suspense Docket, the judge made the following entry:

Order of 1/13/78

The foregoing order is hereby rescinded as improperly made. The order should have been limited to GAC Properties. At a PTC on this date, its [sic] appeared to the court that plaintiff has in fact never taken any action since the filing of his complaint on 12/3/76 and was not aware of the filing of the foregoing order. The action is therefore dismissed as to GAC Properties also.

So Ordered

/s/ Constance Baker Motley
U.S.D.J.

N.Y. N.Y.
1/13/78

The appellant maintains that the district court abused its discretion in dismissing the complaint *sua sponte*. We agree.

■ The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion. *West v. Gilbert*, 361 F.2d 314 (2d Cir.), *cert. denied*, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966). Our scope of review is "extremely narrow." *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972). The matter is discretionary, and on appeal from such an order an appellate court will not reverse except for an abuse of discretion. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

In *West*, the case was two and one-half years old when the court entered an order that the plaintiff "take other action to obtain a determination of the above entitled action by August 17, 1964, or else the action may be dismissed without further notice for want of prosecution." The plaintiff took no action and the case was dismissed.

In *Link*, the action was six years old. It was only after two fixed trial dates had been postponed and plaintiff's counsel failed to appear at a conference that the case was *sua sponte* dismissed for failure to prosecute. The court found that there was no reasonable excuse for failure to appear at the pretrial conference. That finding was not disturbed on appeal.

■ Here, plaintiff's case was barely thirteen months old. His counsel's inaction spanned eleven months. There had been no prior prodding of the plaintiff by the court or by defendants. We agree with the appellees and the district judge that Schenck had been anything but diligent in the prosecution of his action. Furthermore, counsel's excuses—the new partnership, the recent departure from state government service and the distractions of a heavy litigation schedule—do not justify the delay here. Nevertheless, new counsel entered this case, appeared at the pretrial status conference and expressed a willingness to go forward. "The sound exercise of discretion requires the judge to consider and use lesser sanctions than dismissal in the appropriate case." *Ali, supra*, 542 F.2d at 597. On the facts we are able to glean from this skimpy record, we conclude that this is such a case and that it was an abuse of discretion for the court on its own motion to dismiss the complaint for failure to prosecute. In this case, the imposition of some lesser sanction—such as an order requiring the plaintiff to have the case ready for trial, in the absence of delay attributable to the defendants, within a specified period of time—would have been more than sufficient to vindicate the court's authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*,

*supra,* 370 U.S. at 630–31, 82 S.Ct. at 1389 (footnote omitted).

We reverse the order and remand for further proceedings.