Willie J. LYLES, Plaintiff-Appellant,

v.

COMMERCIAL LOVELACE MOTOR FREIGHT, INC., and Local 135, Chauffeurs, Teamsters, Warehousemen & Helpers of America, Defendants-Appellees.

No. 81–2872.

United States Court of Appeals, Seventh Circuit.

Argued May 6, 1982.

Decided July 19, 1982.

John T. Manning, Wisconsin Rapids, Wis., for plaintiff-appellant.

John T. Neighbours, Indianapolis, Ind., for defendants-appellees.

Before WOOD and ESCHBACH, Circuit Judges, and LARSON, Senior District Judge.[*]

[*] The Honorable Earl R. Larson, Senior District Judge for the District of Minnesota, is sitting by designation.

ESCHBACH, Circuit Judge.

Plaintiff-appellant Willie J. Lyles appeals from the order of the district court denying his motion to reopen this case after the district court dismissed the action for failure to timely prosecute. Lyles had orally agreed to settle this lawsuit against his former employer, defendant Commercial Lovelace Motor Freight, Inc. (Commercial Lovelace), in October 1980. The parties informed the court of their settlement agreement and, in June 1981, the district court dismissed the action, with leave to move to reopen for cause, upon the assumption that the case had been settled. In July 1981 Lyles moved to reopen the action, stating for the first time that he did not wish to settle his claims. The district court denied Lyles' motion to reopen on the grounds that Lyles was bound by his oral agreement to settle and that the nine month delay in Lyles' communication to the court and defendant Commercial Lovelace of his intention to repudiate the settlement agreement had resulted in prejudice to Commercial Lovelace and constituted a failure to timely prosecute his cause of action. We affirm.

Lyles commenced this action for damages and injunctive relief in October 1978. In his complaint, Lyles alleged that his former employer, Commercial Lovelace, had breached the terms of the applicable collective bargaining agreement and had discriminated against him on the basis of his race in violation of 42 U.S.C. §§ 1981 and 2000e and the Thirteenth Amendment to the United States Constitution. The basis of Lyles' complaint was that he was forced to perform heavy labor even though he suffered from a spinal condition which prevented him from accomplishing anything but light work. Lyles alleged that Commercial Lovelace customarily assigned caucasian employees to light work whenever their physical conditions so required, and that the reason for Commercial Lovelace's distinction in its treatment of Lyles as com-

pared to its caucasian employees was its discrimination against Lyles, who is black. Lyles also named as a defendant his union, Local 135, Chauffeurs, Teamsters, Warehousemen & Helpers of America (union), alleging that the union breached its duty of fair representation in refusing to prosecute Lyles' grievance against Commercial Lovelace. The union is not a party to this appeal.

On October 22, 1980, four days before Lyles' case was scheduled for trial, Lyles orally agreed to settle his claim against the defendants upon receipt of $7,500 plus court costs not to exceed $150. Lyles confirmed his agreement to settle after consulting with counsel. The district court was informed of the parties' settlement agreement on October 24, 1980, and on that day Commercial Lovelace prepared and mailed to Lyles the written settlement documents. Lyles did not execute the settlement papers or otherwise communicate with Commercial Lovelace. By letter dated December 12, 1980 to Lyles' attorney, Commercial Lovelace attempted to elicit some sort of response to the tendered settlement documents. Neither Lyles nor his attorney replied in any manner.

After the district court was informed in October 1980 of the parties' intention to settle the lawsuit, no further communication was received by the court from any of the litigants. It was upon this information that the district court issued its order of June 11, 1981. The court dismissed the case "without prejudice to the right of either party, upon good cause shown, within 30 days, to reopen the action if settlement is not consummated." No. IP 78–651–C (S.D. Ind. June 11, 1981). On July 15, more than 30 days after the district court's order, Lyles moved to reopen his case, claiming that the settlement agreement tendered by Commercial Lovelace was "repugnant" to him. The district court refused to permit the plaintiff to reopen the action, finding that the nine month delay between the time the parties orally agreed to settle and the time Lyles first informed Commercial Lovelace of his intent to repudiate the settlement had prejudiced the position of Com-

mercial Lovelace in that several of its potential witnesses had become unavailable. The court found Lyles' reasons for wanting to reopen his case unacceptable, and dismissed the suit for failure to timely prosecute.

■ It is well settled that a federal trial court has the authority to dismiss an action *sua sponte* for failure to timely prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962). Our standard of review on appeal from a dismissal with prejudice for lack of prosecution or a refusal to vacate such a judgment is limited to a consideration of whether the district court abused its discretion. *Jafree v. Scott,* 590 F.2d 209, 212 (7th Cir. 1978).

■ In the instant case, the plaintiff failed to take any action for nine months, during which time both Commercial Lovelace and the district court were operating under the assumption that the dispute had been settled. While a nine month delay, without more, may not justify dismissal for lack of prosecution in certain circumstances, *see Schenck v. Bear, Stearns & Co., Inc.,* 583 F.2d 58 (2d Cir. 1978) (dismissal *sua sponte* for failure to prosecute where case is only 13 months old and plaintiff's newly-appointed counsel indicated a willingness to proceed constitutes an abuse of discretion) and *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir. 1980) (dismissal for lack of prosecution where complaint was on file only 10 months and delay did not result in prejudice to defendant constitutes an abuse of discretion), in this case the court's action did not amount to an abuse of its discretion. Initially, we note that the complaint in this case had been on file for approximately three years before the court denied the plaintiff's motion to reopen. Moreover, in this case, unlike in *Schenck* and *Gonzalez, supra,* the plaintiff's *actions* in combination with his inaction led the court and the defendant into relying upon the plaintiff's agreement to settle. Finally, the district court in this case specifically found that the delay had caused the defend-

ant's position to be prejudiced since certain potential witnesses for the defendant had relocated and become unavailable. These factors provide a sufficient basis for the trial court's actions.

■■■ The district court also did not err in ruling that the parties are bound by their October 1980 settlement agreement. An oral agreement to settle the claims asserted by Lyles is enforceable under federal law. *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981). *Cf. United States v. Orr Construction Company*, 560 F.2d 765, 768–69 (7th Cir. 1977) (federal law controls the issue of whether a settlement agreement of an action brought under the Miller Act, 40 U.S.C. §§ 270a, 270b, is enforceable). Where a plaintiff knowingly and voluntarily agrees to settle his claims, he is bound by his agreement. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 n. 15, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The district court found that Lyles entered into the settlement agreement knowingly and voluntarily, and the plaintiff has not contended otherwise on appeal. There is absolutely no evidence of coercion or overreaching on the part of Commercial Lovelace. At oral argument the plaintiff's attorney acknowledged that Lyles had confirmed the terms of the settlement agreement after consulting with counsel.

Lyles has never offered any logical reason for changing his mind regarding his willingness to settle the lawsuit. In addition, there has been no showing of any difference between the terms of the oral agreement and those set forth in the final written settlement documents. Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement.

We affirm the judgment of the district court denying the plaintiff's motion to reopen and finding that the parties are bound by the terms of their October 1980 oral settlement agreement.

AFFIRMED.

HARLINGTON WOOD, Jr., Circuit Judge, dissenting in part.

I fully agree with the majority that the district court should be affirmed in its denial of plaintiff's motion to reopen and reinstate the case, but I would not, under these particular circumstances, permit plaintiff to now enjoy the full benefits of the settlement which he unjustifiably repudiated. He agreed to the settlement in 1980 and the case was dismissed on that basis, but since then he has caused the defendant company to waste time and money in the district court and in this court. Settlement is intended to avoid those consequences of litigation. Therefore, I would apply Rule 38 of the Federal Rules of Appellate Procedure and award damages and costs to the defendant company.