**Marvin W. FACTOR, Plaintiff,**

v.

**MALL AIRWAYS, INC., Defendant.**

**No. 89 Civ. 0946 (PKL).**

United States District Court,
S.D. New York.

May 23, 1990.

---

Paul F. Shanahan, Rochester, N.Y., for plaintiff.

Robert W. Aronson, New York City, for defendant.

## OPINION AND ORDER

LEISURE, District Judge.

This is a negligence action, with jurisdiction based on diversity of citizenship. Defendant has moved before the Court to obtain an order compelling discovery of certain materials, and for sanctions pursuant to Fed.R.Civ.P. 37. For the reasons stated below, defendant's motion for an order compelling discovery is granted, and its motion for sanctions is denied at this time. Further, this matter will be referred to a United States Magistrate for general pre-trial supervision.

## BACKGROUND

On April 26, 1986, plaintiff took a flight on one of defendant's planes from Albany, New York, to Newark, New Jersey. Plaintiff alleges that as the plane was descending toward Newark Airport, he suffered injuries to his hearing as a result of excessive noise in the aircraft cabin. This action was filed on February 9, 1989.

This action has not proceeded smoothly. On November 15, 1989, defendant moved for leave to amend its answer, and plaintiff cross-moved to compel discovery. In an order dated January 29, 1990, the Court granted defendant's motion to amend its answer, and denied plaintiff's motion to compel discovery, though noting that discovery should be completed in a timely fashion.[1]

Defendant has now returned to the Court for an order compelling plaintiff to respond fully to defendant's discovery demands, and also requesting that sanctions be imposed on plaintiff for his failure to comply with outstanding discovery requests. In response to this motion, plaintiff requested a two week extension from the Court in which to comply with defendant's requests.

---

1. In the January 29, 1990 order, the Court also ordered the parties to appear for a status conference on March 16, 1990. Plaintiff's counsel failed to appear at the conference, or to inform the Court of his reason for failing to appear.

That extension was granted on April 24, 1990. On May 10, 1990, plaintiff responded to defendant's motion with an affidavit from plaintiff's counsel and a copy of materials provided to defendant in response to the outstanding discovery demands. Despite this production, defendant continues to contend that plaintiff has not fully complied with the outstanding demands, and that at least some of the provided responses to the discovery demands are inadequate or fail to meet the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

## DISCUSSION

### A) Motion to Compel Discovery

■ Defendant moves pursuant to Fed.R.Civ.P. 37(a)(2) and 37(a)(3) for an order compelling plaintiff to comply with outstanding discovery requests and to supplement his incomplete answers to otherwise answered requests. Rule 37(a) states that if a "party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond ... the discovery party may move for an order ... compelling inspection in accordance with the request." The underlying policies of the Federal Rules of Civil Procedure relating to the discovery phase of a case are clear: parties are permitted to conduct full, wide-ranging discovery as long as it is aimed at obtaining material which will be relevant to the ultimate disposition of the case. This does not mean that discovery can take place outside formal strictures. Nor were the discovery rules designed to encourage procedural gamesmanship. The Federal Rules, along with the Local Rules of this District,[2] set out requirements with which parties must comply during discovery. Failure to comply with those rules may result in a party waiving its rights to certain protections available from intrusive or overextensive discovery.

In the instant case, plaintiff has not been fully forthcoming with the discovery requested by defendant. The Court first notes that much of the requested discovery that has been produced was not delivered to defendant until after the instant motion was brought. A party should not have to resort to bringing a motion to compel in order to obtain compliance with reasonable discovery requests. Forcing a party to resort to motion practice to obtain discovery, as plaintiff has required defendant to do here, is viewed as a dilatory practice in conflict with the spirit and letter of the Federal Rules. This delay in providing discovery is particularly irksome in the instant case where plaintiff himself had earlier brought a premature motion to compel discovery.

■ The Court has reviewed defendant's discovery requests, and plaintiff's responses to those requests, and find those responses inadequate and incomplete. First, plaintiff has provided only partial responses to defendant's Request for Production of Document and Things dated May 31, 1989. While federal tax returns have been produced as requested, there is no evidence that state tax forms, medical records related to treatment for the alleged injury, or adequate information relating to insurance claims has been produced, despite plaintiff's counsel's assurance to the contrary. Further, plaintiff has simply refused to produce certain items, alleging that they are irrelevant, which is not a sufficient or proper response under Local Rule 46(e). *See* discussion, *infra*. While the Court will not compel discovery of those allegedly irrelevant items at this time since defendant has failed to delineate its need for them, plaintiff is informed that the Court will not hesitate to order such discovery forthwith upon the proper showing. Except for those items objected to as irrelevant or unavailable in plaintiff's response to defendant's request for production, the Court orders plaintiff to produce all items requested by defendant, including the medical records, proper insurance infor-

---

**2.** Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York.

mation, and state tax returns, within thirty days of this order.

Defendant also asserts that plaintiff's responses to defendant's interrogatories were inadequate. The Court agrees with defendant's characterization of plaintiff's responses. In this District, the use of interrogatories is controlled by Local Rule 46. Local Rule 46(e) explicates the method for objecting to specific interrogatories and to document requests. The Local Rule states that any objection to an interrogatory or document request "shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." *See Turick v. Yamaha Motor Corp.*, 121 F.R.D. 32, 35–36 (S.D.N.Y.1988). Plaintiff's responses to defendant's interrogatories do not satisfy the requirements of Local Rule 46. Plaintiff is ordered to supplement his answers to defendant's interrogatories within thirty days so that they comply with Local Rule 46 and Fed.R. Civ.P. 33. The Court further orders plaintiff to comply with all other discovery requests made by defendant in a timely fashion and in compliance with the applicable Federal Rule of Civil Procedure and Local Rule.

*B) Motion for Sanctions*

■ Defendant has also moved for sanctions pursuant to Fed.R.Civ.P. 37 for plaintiff's failure to fully respond to outstanding discovery requests in a timely fashion. "Rule 37(b) provides for sanctions against parties who unjustifiably resist discovery." *Quadrozzi v. New York*, 127 F.R.D. 63, 73 (S.D.N.Y.1989), *citing* Rule 37 Advisory Committee Notes. Discovery sanctions are imposed to prevent a party from benefiting from its own failure to comply with discovery, *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir.1988), as well as to act as a specific deterrent to the party at fault, and as a general deterrent against future violations. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pic-*

*tures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979). The Second Circuit has emphasized " 'the importance ... [p]laced on a party's compliance with discovery' " and warned those " 'who flout[ ] such orders [do] so at [their] own peril.' " *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir.1989), *quoting Update Art, supra*, 843 F.2d at 73.

■ The imposition of discovery sanctions is within the discretion of the district court. *National Hockey League, supra*, 427 U.S. at 642, 96 S.Ct. at 2780; *Bobal v. Rensselaer Polytechnic Institute*, No. 89–7413, slip op. at 3749, —— F.2d ——, —— (2d Cir. May 15, 1990) (citations omitted). While severe sanctions, such as dismissal of the action, can generally only be imposed upon a showing of wilfulness or bad faith on the part of the party refusing discovery, monetary damages may be awarded for discovery abuses or failures, even absent bad faith. *See Cine Forty– Second Street, supra*, 602 F.2d at 1066–67. The Court is not unlimited in its power to impose sanctions for discovery abuses. Rule 37 clearly "requires that a court order be in effect before sanctions are imposed." *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir.1986).

■ In the instant case, no Court order has previously been issued requiring plaintiff to comply with defendant's discovery requests. This alone militates against the entry of sanctions at this time. However, such a discovery order is being entered today which will put plaintiff on notice of his duties and requirements, as well as the possibility of dismissal of his action for noncompliance. *See Schenck v. Bear, Stearns & Co.*, 583 F.2d 58, 59 (2d Cir. 1978). Plaintiff shall comply with defendant's discovery requests in the fashion delineated above and in compliance with all Federal and Local Rules. Failure to so comply will result in the imposition of sanctions against plaintiff and his counsel, including possible dismissal of the action, should that be warranted. In particular, the Court notes that sanctions would be appropriate should defendant be again forced to bring a motion to obtain respons-

es to legitimate discovery requests. Such sanctions might well be imposed even if plaintiff responds to defendant's requests after the filing of the motion but before the return date.

### C) Referral to a Magistrate

It is clear to the Court from a review of the instant motion and the prior proceedings in this action that on-going, close judicial supervision of this action is necessary to prevent future unnecessary delays and to mediate future discovery disputes. Accordingly, the Court has, in a separate order, referred this action to a Magistrate for general pre-trial supervision, including all discovery motions. The Court requests the Magistrate assigned to this action to impose a strict discovery schedule on both parties, and to enforce the discovery order contained herein.

### CONCLUSION

Defendant's motion to compel discovery is granted. Plaintiff shall produce the materials requested by defendant in the manner described previously in this opinion and order.

Defendant's motion for sanctions is denied at this time.

This action shall, by separate order, be referred to a United States Magistrate for general pre-trial supervision.

The pre-trial conference before the Court in this matter scheduled for May 31, 1990 is hereby adjourned.

SO ORDERED