William DANIELS, Plaintiff,

v.

P.O. Leonard LOIZZO, M.V.P.D., P.O. Daniel Fisher, M.V.P.D., and The Mount Vernon Police Department, Defendants.

No. 87 Civ. 6024 (MJL).

United States District Court, S.D. New York.

Nov. 23, 1996.

Susan J. Kohlmann, Winthrop, Stimson, Putnam & Roberts, New York City, NY, for Plaintiff.

Douglas Martino, Martino & Weiss, Mount Vernon, NY, for Defendants.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is the motion of defendants Leonard Loizzo, Daniel Fisher and The Mount Vernon Police Department (collectively the "Defendants"), pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), to dismiss the action with prejudice for Plaintiff's failure to prosecute. For the reasons stated below, Defendants' motion is denied.

## BACKGROUND

In August 1987, William Daniels ("Plaintiff"), proceeding *pro se,* commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Defendant police officers physically and verbally abused him during a traffic stop. In February 1988, Plaintiff submitted his first application for the appointment of pro bono counsel. The Court denied Plaintiff's request without prejudice on the ground that he had not made a "substantial effort" to obtain counsel independently. *See* March 25, 1988 Order at 1–2.

January 20, 1990 marked the original discovery cut-off date. *See* Nov. 20, 1989 Order at 1. On January 16, 1990, Plaintiff sought, among other things, an extension of the discovery deadline. *See* Letter from Daniels to Court, dated Jan. 16, 1990, at 1 (attributing his inability to conduct discovery to his transfer to a new correctional facility at which authorities had refused him access to the law library). By order dated January 22, 1990, the Court extended the discovery deadline to April 2, 1990. *See* Jan. 22, 1990 Order at 1–2.

In a separate application dated January 16, 1990, Plaintiff renewed his motion for the appointment of counsel. By order dated February 16, 1990 ("February 1990 Order"), this Court, finding that Plaintiff's allegations stated a colorable claim under 42 U.S.C. § 1983, ordered pro bono counsel to be assigned to Plaintiff. *See* Feb. 16, 1990 Order at 1–2 (noting Plaintiff's substantial, yet unsuccessful, effort to obtain counsel). The Court placed the case on its suspense docket pending selection of the suit by an attorney from the Southern District Pro Bono Panel ("Pro Bono Panel"). *Id.* at 2. The Court

directed Plaintiff's new counsel to move to restore the case to active status within ten days of filing a notice of appearance. *Id.*

On March 23, 1990, Plaintiff, acting *pro se* despite the Court's February 1990 Order, filed a comprehensive answer to Defendants' interrogatory and document requests. Pl.'s Response to Defs.' Interrogs. and Doc. Requests. Two months later, in May 1990, Plaintiff sought leave to file discovery requests, submitting a set of interrogatories and document requests. Pl.'s Interrogs. and Doc. Requests. By order dated May 14, 1990, the Court denied Plaintiff's request to serve discovery on the ground that the February 1990 Order placed the action on the Court's suspense docket pending the appointment of counsel. *See* May 14, 1990 Order at 1.

This action remained on the suspense docket from February 1990 until late 1992 when attorney William Dowling ("Dowling" or "Prior Counsel"), a member of the Pro Bono Panel, selected Plaintiff's case for representation. On September 25, 1992, Dowling filed a notice of appearance on Plaintiff's behalf, but failed to restore the case to active status or otherwise prosecute the case. During the course of his representation of Plaintiff, Dowling never spoke with Plaintiff or received any correspondence from him. Dowling's sole communication with Plaintiff occurred over two years after Dowling noted his appearance in this case when Dowling informed Plaintiff by letter of his *inability* to represent Plaintiff. *See* Dowling Aff. ¶ 4, Ex. D (Letter from Dowling to Plaintiff, dated Dec. 14, 1994, at 1) attached to Kohlmann Aff. at Ex. E. The letter also stated that Dowling had informed the Court of his decision to withdraw from the case and that Plaintiff would be provided another lawyer. *Id.* In fact, at the time of this letter, Dowling had not informed the Court of his intent to withdraw from the case. Dowling's letter went unanswered by Plaintiff, and Dowling made no other efforts to contact Plaintiff.

In October 1995, Defendants moved to dismiss this action with prejudice for Plaintiff's failure to prosecute. Dowling never responded to Defendants' motion. Instead, on November 30, 1995, Dowling filed a motion to

be relieved as Plaintiff's counsel. By order dated December 30, 1995 ("December 1995 Order"), the Court granted Dowling's motion, but admonished him for his inadequate representation of Plaintiff. See December 30, 1995 Order at 2.[1] The Court held Defendants' motion to dismiss in abeyance pending the appointment of counsel to Plaintiff by the Pro Bono Panel. *Id.*

On July 30, 1996, the law firm Winthrop, Stimson, Putnam & Roberts filed a notice of appearance on Plaintiff's behalf. By endorsement order dated August 27, 1996, and upon the request of Plaintiff's new counsel, the Court restored this case to active status. See Aug. 27, 1996 Order at 1. In accordance with the December 1995 Order, Plaintiff's new counsel promptly filed opposition papers to Defendants' Rule 41(b) motion. The Court now considers Defendants' motion to dismiss for Plaintiff's alleged failure to prosecute.

## DISCUSSION

### I. Legal Standard for Involuntary Dismissal under Rule 41(b)

Dismissal for a plaintiff's failure to prosecute an action under Rule 41(b)[2] is a matter committed to the sound discretion of the district court. *Colon v. Mack,* 56 F.3d 5, 7 (2d Cir.1995). In exercising its discretion, the court should examine five factors: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and (5) the efficacy of lesser sanctions. *Jackson v. City*

1. The Court, disturbed by Dowling's failure to take the steps necessary to contact his client and pursue this action, notified the Committee on Pro Se Litigation of his inadequate representation.

2. Rule 41(b) provides, in pertinent part: "Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision operates as an adjudication upon the merits." Fed. R.Civ.P. 41(b).

*of New York,* 22 F.3d 71, 74 (2d Cir.1994). In general, no one factor is dispositive. See *Nita v. Connecticut Dep't of Envtl. Protection,* 16 F.3d 482, 485 (2d Cir.1994).

The Second Circuit has cautioned that "dismissal is a harsh remedy to be utilized only in extreme circumstances." *Mack,* 56 F.3d at 7. "[O]nly when [the court] is sure of the impotence of lesser sanctions" is the drastic remedy of dismissal appropriate. *Dodson v. Runyon,* 86 F.3d 37, 39 (2d Cir. 1996) (citation omitted). In deciding upon the suitability of lesser sanctions and the applicability of sanctions against either the party or the attorney, courts should "assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.*

### II. Defendants' Motion for Dismissal [3]

Defendants contend that this case warrants an involuntary dismissal because "[f]or the past four years the plaintiff has shown no interest in pursuing this matter and his attorney has likewise done nothing to justify this matter remaining on the Court's calendar." See Defs.' Mot. to Dismiss for Failure to Prosecute, at Ex. D (Letter from Martino to Court, dated Jan. 30, 1995, at 2). The Court disagrees.

The record, viewed in light of the pertinent factors, favors a lesser sanction than dismissal. First, it was Prior Counsel, not Plaintiff, who failed to advance this case from September 1992 until December 1995.[4]

3. In direct contravention of Local Rule 3(b) of the Southern and Eastern Districts of New York, which requires that all motions be accompanied by a memorandum of law, Defendants submitted no legal memorandum to support their Rule 41(b) motion. See Local R. S.D.N.Y. 3(b). Despite this glaring omission, the Court will consider the merits of this motion.

4. Because the Court placed this case on its suspense docket from February 1990 to September 1992 and from December 1995 to July 1996, the inaction during that time period cannot be attrib-

The record strongly suggests that Prior Counsel caused the delay in derogation of, rather than to benefit, his client's interests. Before Dowling's withdrawal from the case, the only communication between Dowling and his client concerned Dowling's *refusal* to represent Plaintiff. Moreover, Plaintiff played no role in the derelictions of Prior Counsel: he apparently never knew he had prior representation, let alone inattentive counsel, from September 1992 to December 1995. The Court attributes Plaintiff's inaction to his apparent belief that his case remained on the suspense docket from February 1990 until Winthrop, Stimson, Putnam & Roberts took over his case in July 1996. Because the failure to prosecute resulted from Prior Counsel's disinterest and incompetence, not from Plaintiff's neglect, the delay is excusable as regards Plaintiff and does not support the harsh sanction of dismissal. *See Dodson,* 86 F.3d at 41 (finding dismissal for failure to prosecute inappropriate where delay resulted from lawyer's failure to attend to his client's case and lesser financial sanctions against lawyer were not considered by district court).

Secondly, Plaintiff was not on notice that further delay in this case would result in dismissal. Turning to the third factor, Defendants have alleged no prejudice resulting from the delay. However, even if the Court were to presume prejudice due to the three-year delay, the fact that the delay appears to have ended with Plaintiff's retention of new counsel militates against dismissal.

The fourth factor to be considered is whether the need to alleviate court congestion outweighs Plaintiff's due process rights. To date, this case has taken little of the Court's time. Moreover, the Court does not attribute any inconvenience to its calendar to Plaintiff's own misconduct. Consequently, the extreme sanction of dismissal at this stage would unreasonably deprive Plaintiff of his fair chance to be heard.

uted to Plaintiff. In fact, Plaintiff attempted to prosecute his case by serving interrogatories and document requests in May 1990, but the Court denied those requests as the case had been held in abeyance pending the appointment of counsel.

█ Finally, the Court must assess the efficacy of lesser sanctions. In the December 1995 Order, the Court reprimanded Dowling for his failure to contact Plaintiff and his utter lack of devotion to this case. *See* December 1995 Order at 2. In light of the fact that Plaintiff played no part in the delay, the most appropriate sanction at this juncture is to impose strict deadlines for the resolution of this case. *See Schenck v. Bear, Stearns & Co., Inc.,* 583 F.2d 58, 60 (2d Cir.1978). Plaintiff's new counsel must therefore complete discovery by January 3, 1996 and have the case ready for trial by March 3, 1996. This lesser sanction will vindicate the Court's authority to manage its affairs and achieve the expeditious disposition of this case. The Court expects Plaintiff's new counsel to move this case along without further delay. The Court hereby denies Defendants' Rule 41(b) motion without prejudice.

## CONCLUSION

The Court denies Defendants' motion to dismiss for failure to prosecute without prejudice.

It is So Ordered.

Thus, contrary to Defendants' assertions, the alleged "delay" at issue here concerns the three years when Dowling represented Plaintiff, not the four years covering 1991 to 1995.