Sam KAZERY, Plaintiff,

v.

CITY OF JACKSON, MISSISSIPPI, John Doe and Jane Doe, Defendants.

No. CIV.A. 3:96CV708LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 18, 1998.

Thomas McCarley Bryson, Keyes, Moss & Bryson, Jackson, MS, for Plaintiff.

William A. Gowan, Office of the City Attorney, Sarah A. O'Reilly–Evans, City Attorney's Office, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on motion of defendant City of Jackson to enforce a settlement agreement between the parties in this case and to interplead the agreed settlement amount for distribution among plaintiff Sam Kazery and his creditors. Plaintiff has not responded in opposition to the City's motion.

The court, having considered defendant's motion, concludes that it should be granted in part in that the settlement agreement should be enforced, but denied as to the City's request to interplead the settlement proceeds.

Plaintiff filed this civil rights action in September 1996 pursuant to 42 U.S.C. § 1983 contending that the City violated his substantive due process rights by unlawfully prosecuting him and taking his property pursuant to unconstitutional statutes and zoning ordinances. According to the City, around November 12, 1997, the parties reached a settlement agreement under the terms of which Kazery agreed to dismiss his suit against the City and release the City from any further liability in exchange for the City's agreement to pay him the sum of $5000. As the City is a political subdivision of the State of Mississippi, the Jackson City Council was required to, and did, approve the settlement agreement. Having secured council approval, defendant's attorney forwarded a release and other dismissal documents, including an order of dismissal, to Kazery for his signature. However, prior to plaintiff's return of the settlement documents, one of his creditors, having learned of the impending settlement through media coverage of the city council meeting, filed a petition for writ of garnishment in the County Court of Rankin County, Mississippi, seeking a writ of garnishment against the settlement proceeds. A writ of garnishment was issued November 21, 1997.

Apparently as a consequence of these events, plaintiff failed to return the settlement documents.[1] Defendant, therefore, now requests judicial enforcement of the settlement agreement. Additionally, it requests that the court, upon finding that such agreement exists and is to be enforced, go further and allow interpleader of the settlement funds into the registry of this court in order that this court may have summons issued to the known potential claimants to the money and thereafter make a determination as to the proper distribution of these funds among plaintiff and his creditors.

1. Defendant advises that it has also been informed that Mississippi Legal Services has filed a lien against the proceeds, and suggests that this

is another factor which may have prompted plaintiff's failure or refusal to return the settlement papers.

Regarding defendant's request for judicial enforcement of the settlement agreement, the law is clear that a trial court has the power to summarily enforce such an agreement entered into by the litigants while the litigation is pending before it. *Massachusetts Casualty Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir.1972). As plaintiff in this case does not dispute the City's representation and proof as to the existence of the settlement agreement and apparently has refused to execute the release agreement and other settlement papers only because of the actions of his creditors, the court concludes that the agreement exists and should be enforced. *See also Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir.1994) ("Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement.") (quoting *Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 501, 504 (7th Cir.1982)). Accordingly, the court will grant the City's motion to enforce the settlement agreement.

Defendant, which is the garnishee pursuant to the writ of garnishment issued by the County Court of Rankin County, also requests, presumably under Miss.Code Ann. § 11–35–41, that it be permitted to interplead the settlement funds into this court's registry so that a determination might be made as to the proper distribution of the proceeds among plaintiff and his creditors. And it asks that upon the court's determination to allow interpleader, the court dismiss it from the suit.[2] The court will deny this aspect of the City's motion.

It is clear that diversity of citizenship does not exist among the parties to the proposed interpleader inasmuch as the plaintiff, defendant and putative claimant are all residents of Mississippi. *See* Fed. R. Civ. Proc. 22 (requiring general federal question or complete diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332, respectively, for rule interpleader); 28 U.S.C. § 1335 (requiring diversity of citizenship between two or more adverse claimants for statutory interpleader). Accordingly, this court would not have original subject matter jurisdiction over the proposed interpleader action if it were filed as a separate action by the City. Hence, the only possible basis for this court's exercise of jurisdiction is supplemental jurisdiction pursuant to 28 U.S.C. § 1367,[3] which states:

> (a) ...[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

---

2. The statute which apparently furnishes the basis of the City's request, Miss.Code Ann. § 11–35–41, states in relevant part, as follows:

When a garnishee ... shall show that he has been notified that another person claims ... an interest in the debt or property, which has been admitted by him, ... to be in his possession, the court shall suspend all further proceedings and cause a summons to issue ... to appear and contest with the plaintiff the right to such money, debt or property. In such case, if the answer admit an indebtedness, and the garnishee pay the money into court, he shall thereupon be discharged from liability to either party for the sum so paid.

3. Although pursuant to Federal Rule of Civil Procedure 64, state law "remedies for the seizure of ... property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available" in federal court, including the remedy of garnishment, in the court's opinion, it does not follow that this court must exercise jurisdiction over an interpleader action brought by a garnishee over which it would not otherwise have subject matter jurisdiction merely because the state's garnishment laws prescribe an interpleader procedure.

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other reasons for declining jurisdiction.

In this case, the court would be hard pressed to conclude that the proposed interpleader stemming from the issuance of the writ of garnishment against the City in favor of plaintiff's creditor is "so related to" plaintiff's § 1983 claim in the action within the court's original federal question jurisdiction that it "form[s] part of the same case or controversy under Article III of the United States Constitution." It is thus highly doubtful whether an exercise of supplemental jurisdiction in this circumstance would be permissible. But even if it were, the decision whether to exercise supplemental jurisdiction is within the discretion of the trial judge. *Sigmon v. Southwest Airlines Co.*, 110 F.3d 1200 (5th Cir.1997). And here, there are significant reasons for declining to exercise such jurisdiction.

First, the court's decision that the parties have entered into a binding settlement agreement which provides for the dismissal of the plaintiff's § 1983 claim—that being the only claim within this court's original jurisdiction—effectively ends the original litigation. That is, though the case has not yet been formally dismissed, a judgment of dismissal will be the inevitable consequence of enforcement of the parties' settlement agreement and there simply will be no ongoing litigation within the court's original jurisdiction. That fact, coupled with the fact that there is an alternative state court forum in which the City may pursue an interpleader action for its protection with respect to payment of the settlement funds, compels this court to decline the City's request for interpleader.

For the foregoing reasons, it is ordered that defendant's motion to enforce the settlement agreement is granted and that plaintiff is hereby ordered to promptly execute the release and other settlement documents prepared and presented by the City and within ten days hereof, to provide the executed copies of same to this court. It is further ordered that the City's motion to interplead the settlement funds into the registry of this court is denied.[4]

---

4. In light of the court's ruling, it follows that the City's motion to dismiss or, in the alternative, for summary judgment, is moot.