# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### SEPTEMBER 21, 2005 Session

## TOWNSEND SCIENTIFIC TRUST v. FOOD TECHNOLOGY INVESTORS, L.P., ET AL. v. TOWNSEND SCIENTIFIC TRUST and JOHN TOWNSEND

**Direct Appeal from the Chancery Court for Shelby County**
No. 98-1116-1    Walter L. Evans, Chancellor

---

**No. W2005-00835-COA-R3-CV - Filed January 11, 2006**

---

This case stems from a business deal gone sour. This is the third time that these parties have brought identical claims against one another. In the previous versions of this suit, the cases were dismissed without prejudice. At this trial, both the plaintiff's claims and the defendants' counter claims and third-party claims were dismissed with prejudice based on the doctrine of laches. Upon a motion to alter or amend judgment, the trial court modified its order to dismiss all claims without prejudice based on a failure to prosecute. In this appeal, appellants ask this Court to determine (1) whether the chancery court erred when it amended its judgment with prejudice granting the appellants' motion to dismiss based on the doctrine of laches to a judgment without prejudice based on a failure to prosecute and (2) whether the chancery court erred when it dismissed the plaintiff's complaint *sua sponte*. The appellants argue that the chancery court should not have amended its judgment dismissing the defendants' counter and third-party claims because the facts presented at trial warranted a dismissal based on the doctrine of laches. Further, the appellants argue that the trial court should not have dismissed the plaintiff's complaint *sua sponte* based on the doctrine of laches because the defendants did not demonstrate at trial any undue prejudice to them. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Mary L. Wolff, Sharon L. Petty, Memphis, TN, for Appellants, John C. Townsend and Townsend Scientific Trust

Paul W. Ambrosius, Paul C. Ney, Jr., Nashville, TN; William Eugene Frulla, Memphis, TN, for Appellees, Food Technology Investors, L.P., Food Technology Investors, Inc., and Charles D. McVean

## OPINION

### I. FACTS & PROCEDURAL HISTORY

This case stems from a business deal gone awry. In 1992, Mr. John Townsend ("Townsend"), Dr. Robert Holcomb ("Dr. Holcomb"), and Mr. Charles McVean ("McVean") decided to enter into business together to develop a product known as Escalade™ (the "Product"). In structuring their business venture, several corporations owned by the parties became involved, namely the Townsend Scientific Trust ("TST" or, collectively with Townsend, "Appellants"), Food Technology Investors, Inc. ("FTI"), Novatech, L.P. ("Novatech") and Food Technology Investors, L.P. ("FTILP"). The general partnership formed to create the Product would be known as Food Technology Partners. Unfortunately, in the second year of operations, the business venture went sour, during which time Townsend was fired as president of Food Technology Partners.

On December 3, 1998, TST filed a complaint against FTI, FTILP, and McVean ("Defendants" or "Appellees"). On January 4, 1999, Defendants filed their answer to TST's complaint and filed a counter-complaint against TST and a third-party complaint against Townsend. This was not the first time these parties had filed suit against one another. Both the complaint and counterclaims and third-party complaint were identical to pleadings filed on May 10, 1995 and June 2, 1995 respectively. On December 4, 1997, both of these actions were dismissed without prejudice for a failure to prosecute. In the present lawsuit, between January 4, 1999, and July 2004, nothing was done by either party to prosecute their claims.

On July 9, 2004, TST and Townsend moved to have the counterclaims and third-party complaint of Defendants dismissed based on three alternate theories, which were *res judicata*, failure to prosecute, and the doctrine of laches. On August 31, 2004, TST and Townsend amended their motion to dismiss to include facts to support their motion. After it conducted a hearing on TST's and Townsend's motion, the chancery court dismissed Defendants' counterclaims and third-party complaint based on the doctrine of laches. When the chancery court dismissed the counterclaims and third-party complaint, by its own motion, the chancery court also dismissed TST's complaint based on the doctrine of laches. Defendants collectively filed a motion to alter or amend the judgment to make it a judgment without prejudice. The chancery court granted Defendants' motion to amend or alter the judgment, making both TST's and Defendants' dismissals without prejudice. When the chancery court did so, it based its decision to dismiss without prejudice on the unexcusable delay by all parties to prosecute their claims.

## II.  Issues Presented

Appellants have timely appealed and present the following issues for review:

1.  Whether the trial court abused its discretion when it altered its judgment dismissing Appellees' counterclaim and Appellees' third-party complaint with prejudice to one without prejudice; and
2.  Whether the trial court abused its discretion when, upon its own motion, it dismissed Appellant's complaint.

For the following reasons, we affirm the decision of the chancery court.

## III.  Standard of Review

This case involves multiple standards of review.  This court reviews an order on a motion to alter or amend judgment under an abuse of discretion standard.  ***Morrison v. Morrison***, No. W2001-02653-COA-R3-CV, 2002 Tenn. App. LEXIS 763, at *5 (Tenn. Ct. App. Oct. 29, 2002) (citations omitted).

"It is clearly within the power of the Court sua sponte to dismiss for failure to prosecute." ***Gen. Transp. Servs. v. Wilson***, 1985 Tenn. App. LEXIS 3395 , at *16 (Tenn. Ct. App. Mar. 22, 1985).  This Court's review of a dismissal for a failure to prosecute is under an abuse of discretion standard.  ***Id.*** at *14 (citing  *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978)).

"A trial court abuses its discretion only when it 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).  "The decision of the trial court 'will be upheld so long as reasonable minds can disagree as to the propriety of the decision [of the trial court]." ***Morrison***, 2002 Tenn. App. LEXIS, at *5.

Findings of fact made by a court sitting without a jury are reviewed under a *de novo* standard of review upon the record with a presumption of correctness for those findings.  ***Dennis Joslin Co.***, 138 S.W.3d at 200 (citing Tenn. R. App. P. 13(d)).  Conclusions of law made by the trial court are reviewed *de novo* upon the record with no presumption of correctness.  ***Id.*** (citing *Union Carbide Corp v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

## IV. DISCUSSION

### A. *Motion to Alter or Amend*

On appeal, Appellants argue that the chancery court erred when it granted Appellees' motion to alter or amend judgment, modifying its original order from one with prejudice to one without prejudice.

"Under Tennessee law, a motion to alter or amend under Rule 59 of the Tennessee Rules of Civil Procedure permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters." *Morrison*, 2002 Tenn. App. LEXIS 763, at \*6 (citing *Spencer v. Hurd Inv. Prop., Inc.*, No. 67, 1991 Tenn. App. LEXIS 275, at \*12 (Tenn. Ct. App. Apr. 23, 1991)). A motion to alter or amend judgment may be granted when "(1) when the controlling law changes before a judgment becomes final; (2) when previously unavailable evidence becomes available; or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998), *overruled in part on other grounds by Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000). "A rule 59 motion should not be granted when the movant is simply seeking to relitigate a matter that has already been adjudicated." *Morrison*, 2002 Tenn. App. LEXIS 763, at \*7 (citing *Bradley*, 984 S.W.2d at 933).

Appellees' argument as to why its motion to alter or amend the judgment should be granted was an attempt to relitigate whether their claims should have been dismissed based on the doctrine of laches. If the chancery court had granted this motion based on Appellants' attempts to relitigate the issue, this would have been an abuse of discretion. However, in its amended order, the chancery court stated that it granted Appellees' motion to alter or amend judgment because the chancery court's original order was based on the statements of counsel.

"Statements of counsel are not evidence or a substitute for testimony, and judgment based upon neither evidence nor stipulation of the parties may be vacated if evidence is the basis of the holding." *Hathaway v. Hathaway*, 98 S.W.3d 675, 681 (Tenn. Ct. App. 2002) (citing *State v. Cleveland*, 959 S.W.2d 548, 555 (Tenn.1997); *Metro. Gov't of Nashville v. Shacklett*, 554 S.W.2d 601, 605 (Tenn.1977); *Valley Util. Dist. v. Cantwell*, No. M2001-00627-R3-CV, 2002 Tenn.App. Lexis 30 (Tenn. Ct. App. Jan. 15, 2002)). Thus, the chancery court did not abuse its discretion to correct this clear error of law. Accordingly, the decision of the chancery court granting Appellees' motion to alter or amend the judgment is affirmed.[1]

---

[1] This Court recognizes that the more common method of amending a trial court's judgment for this type of error would be to vacate its order. However, when the chancery court amended its order, it dismissed Appellees' counterclaims and third-party complaint for Appellees' inexcusable delay in prosecuting their claims for over five years. We find no error in this decision. *See Gen. Transp. Servs.*, 1985 Tenn. App. LEXIS 3395 , at \*16-17 (finding court's dismissal for failure to prosecute not an abuse of discretion where the plaintiff did not take any action to prosecute its claims for almost four years and offered no excuse for the delay).

### B.    *Dismissal of Appellants' Claims*

Appellants also assert that the chancery court erred when it dismissed TST's claims *sua sponte*.  We disagree.

When the chancery court dismissed TST's claims originally, it based its decision on the doctrine of laches.  However, when the chancery court amended its judgment, it dismissed TST's claims because of inexcusable delay in prosecuting its case.  We take the chancery court's order to mean that it dismissed TST's claims for a failure to prosecute.

TST was under a duty to prosecute their claims.  TST filed its complaint on December 3, 1998.  On July 21, 1999, a consent order was filed to substitute counsel for Appellants.  On July 9, 2004, Appellants filed a motion to dismiss Appellees' counterclaims and third-party complaint for failure to prosecute and under the doctrine of laches.  In that five year interval, TST did nothing to prosecute its claims.  TST has offered no reason why it did not do so either.  Thus, we cannot say that the chancery court abused its discretion when it, *sua sponte*, dismissed TST's claims.  ***See Gen. Transp. Servs.***, 1985 Tenn. App. LEXIS 3395 , at \*16-17 (finding court's dismissal for failure to prosecute not an abuse of discretion where the plaintiff did not take any action to prosecute its claims for almost four years and offered no excuse for the delay).  Accordingly, the decision of the chancery court as to this issue is affirmed.

### V.   CONCLUSION

For the foregoing reasons, we affirm the decision of the chancery court.  Costs of this appeal are taxed to Appellants, Townsend Scientific Trust and John Townsend, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-5-