United States Court of Appeals,

Fifth Circuit.

No. 94-40079

Summary Calendar.

Marshall D. BELL, Sr., Individually & on Behalf of Yolanda M. Bell, et al., Plaintiffs-Appellants,

v.

Dema Thomas SCHEXNAYDER, et al., Defendants-Appellees.

Oct. 27, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

The only issue we face is whether the district court erred in denying attorney's fees to appellants under 42 U.S.C. § 1988 after settlement was announced. We affirm.

BACKGROUND

Yolanda Bell and her parents, Marshall and Charlene Bell, brought this suit against Dema Schexnayder and the Saint Mary Parish School Board. It was brought pursuant to Title IX, 20 U.S.C. §§ 1681-88 (which prohibits discrimination in education programs on the basis of sex), and sought compensatory and punitive damages, as well as attorney's fees under § 1988. Two insurance companies, National Union Fire Insurance Company and State Farm Fire & Casualty Company, were added as third-party defendants.[1]

---

[1]The original defendants and the third-party defendants are collectively referred to below as the defendants.

The record reveals the following. The case was scheduled for trial on October 4, 1993. The Bells offered to settle the case for $85,000. On September 21, 1993, National Union, on behalf of defendants, rejected this offer and instead offered by letter to settle "all claims existing in the above referenced litigation and/or arising out of the subject incident" for $2500 plus the waiver of all discovery sanctions which had been imposed on plaintiffs. Counsel for the Bells wrote back on September 24, 1993, rejecting this offer and submitting "a counteroffer of $30,000 to settle these claims." On September 30 counsel for the Bells reduced their settlement demand to $18,000. On October 1, with trial only three days away, the parties agreed by telephone to settle for $10,000 plus a waiver of sanctions. That same day counsel for the school board wrote the other counsel, advising them that he had informed the district judge "that the matter has been settled and should be removed from his docket." He further requested immediate notification if that counsel's understanding was incorrect.

On October 14, the court signed a sixty day order of dismissal. The order states that the court, "having been advised by counsel for the parties that the above action has been settled," was dismissing the case "without prejudice to the right, upon good cause shown within sixty (60) days, to reopen it if settlement is not consummated and seek summary judgment enforcing the compromise."

On November 24, counsel for the Bells filed an attorney's fee

2

application under § 1988, seeking $19,991 in fees. Counsel identified himself, rather that the Bells, as the movant. Prior to filing the fee application plaintiffs and their counsel had never indicated that any issue remained for the trial court to resolve or that the settlement was exclusive of attorney's fees. On December 10 defendants filed a motion to enforce the settlement, and a memorandum in support of the motion to enforce settlement and in opposition to the attorney's fee application.

On January 13, 1994, the district court held a hearing on the fee application and motion to enforce settlement. It concluded that all claims in this matter had been settled and therefore denied the request for fees. The only sworn evidence before the court was the affidavit of counsel for National Union, which stated that "at all times during settlement negotiations, it was made clear that any and all settlement offers were made in settlement of all claims asserted in the litigation and/or arising out of the subject incident including but not limited to the claim for attorney['] fees asserted in the original petition under 42 U.S.C. § 1988."

The Bells complain that the district court erred in denying the request for fees and granting the motion to enforce settlement.

DISCUSSION

Attorney's fees under § 1988 are not necessarily precluded in cases that are resolved by settlement or otherwise resolved without a full trial on the merits. *See Smith v. Robinson,* 468 U.S. 992, 1006, 104 S.Ct. 3457, 3465, 82 L.Ed.2d 746 (1984) ("Congress did

3

not intend to have that authority [of courts to award attorney's fees] extinguished by the fact that the case was settled or resolved on a nonconstitutional ground."). However, our review of district court rulings on § 1988 fee applications is highly deferential. As we explained in *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.,* 919 F.2d 374 (5th Cir.1990):

> When a district court awards a fee pursuant to section 1988 of 42 U.S.C., we review the award only for an abuse of discretion.... "A request for attorney's fees should not result in a second major litigation".... We cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award. This tenet is "appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."

*Id.* at 379 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)).

In addition to its broad discretion to award attorney's fees, a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties. *Lyles v. Commercial Lovelace Motor Freight, Inc.,* 684 F.2d 501, 504 (7th Cir.1982) ("Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement."); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.)[2] ("It is well

---

[2]In *Langley v. Jackson State University,* 14 F.3d 1070 (5th Cir.1994), we disagreed with *Aro* insofar as it held that a district court has jurisdiction to hear a post-dismissal motion to enforce a settlement agreement. We held that "once a court

4

established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them."), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *CIA Anon Venezolana de Navegacion v. Harris,* 374 F.2d 33, 35-36 (5th Cir.1967) ("Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.... We are constrained to view the proceedings as a hearing by the District Court in the exercise of its inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.").

*Young v. Powell,* 729 F.2d 563 (8th Cir.1984), addressed similar facts. The plaintiff in that case filed a civil rights action alleging racial discrimination by the defendants. He sought injunctive relief and attorney's fees. In exchange for a cash settlement of $3,000 he joined with defendants in filing a stipulation of dismissal of his suit. Following dismissal, plaintiff's attorney filed an application for fees under § 1988. *Id.* at 564-65. In affirming the district court's denial of the fee

dismisses an action with prejudice because of a settlement agreement, and the agreement is neither approved of nor incorporated by the court in its decree or order and the court does not indicate any intention to retain jurisdiction, an action to enforce the settlement agreement requires federal jurisdiction independent of the action that was settled." *Id.* at 1074. The Supreme Court later reached the same conclusion in *Kokkonen v. Guardian Life Ins. Co. of America,* --- U.S. ----, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). *Langley* and *Kokkonen* are distinguishable from our case, since here the district court's order of dismissal expressly provided that the parties could, within 60 days, move to reopen the case to enforce the settlement. Defendants so moved within 60 days of the dismissal order.

request, the Eighth Circuit explained:

> The case before us does not involve a situation wherein a settlement was finalized by a consent decree or wherein the parties stipulated to a dismissal, reserving the question of attorney's fees. Rather, the parties agreed (1) that the disputed issues had been resolved; and (2) that the case as it then stood would be dismissed upon the payment to the plaintiff of a specific sum of money. Furthermore, we have carefully examined the record and have found no indication that the stipulation of settlement and dismissal was entered into as a result of fraud, misconduct of the defendants, mutual mistake, or any other reason that might justify modification or reformation of the settlement agreement or relief from the order and judgment of dismissal. There is no reason offered why the parties should not be bound by their agreement under basic principles of contract.

*Id.* at 566-67 (footnotes omitted).

Under the facts of our case we do not believe that the court abused its discretion in denying the fee request and enforcing the settlement agreement. Evidence was presented that, by all outward appearances, the settlement negotiations were intended to resolve all claims and release the defendants from all liability relating to the subject matter of the suit. To the extent that plaintiffs' counsel harbored a secret intent to seek attorney's fees—after the parties had agreed on a settlement amount, after the case had been removed from the docket, and after the district court had entered a dismissal order—that intent was concealed from defendants. On this record, the district court could conclude that plaintiffs' counsel knew that his request for attorney's fees in an amount nearly twice the amount of the settlement was totally unanticipated by defendants, and came as a complete shock to them. The district court acted properly in denying the fee request. Holding otherwise would run counter to three important goals encouraged by our

6

judicial system: voluntary settlements of disputes, the enforcement of agreements according to the objective intent of the parties, and an end to litigation.

AFFIRMED.