NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0167n.06

No. 09-3294

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 17, 2010
LEONARD GREEN, Clerk

CHRISTINE MOORE,               )
                               )
        Plaintiff-Appellant,   )
                               )
v.                             )     ON APPEAL FROM THE UNITED
                               )     STATES DISTRICT COURT FOR THE
UNITED STATES POSTAL SERVICE et )    SOUTHERN DISTRICT OF OHIO
al.,                           )
                               )
        Defendants-Appellees.  )


Before: DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.


**PER CURIAM.** Plaintiff Christine Moore appeals an order of the district court that

both denied her motion to restore her claims of discrimination and retaliation to the active

docket and also granted the motion of defendant United States Postal Service to enforce

a settlement agreement between the parties. Moore argues that the district court had

jurisdiction only to reinstate her cause of action and not to enforce the agreement and,

further, that the district court abused its discretion in concluding that the agreement was

itself enforceable. We find no error, and we therefore affirm.


## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Moore's initial complaint in this matter are not in dispute. The

plaintiff, an African-American female born in May 1952, began working for the United

States Postal Service in 1995. After injuring her back while sorting heavy packages in April 1999, Moore "was put on lifting and other restrictions by her physician." Nevertheless, the plaintiff's supervisor still ordered her to engage in job activities that involved moving extremely heavy mail containers. As a result, Moore re-injured her back in February 2000 and was forced to miss additional work time. According to the plaintiff, upon her return to active status, she was treated less solicitously than similarly situated white employees, male employees, and younger employees. Furthermore, Moore alleged that she was threatened with retaliation should she report any abuses to other Postal Service officials. Following yet another work-related injury in May 2001, the plaintiff claimed that she was "blocked from returning to work because of the discriminatory and sexually hostile, and retaliatory intentions" of her supervisors.

Eventually, Moore filed suit in federal court alleging gender and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 - 796l, age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 - 634, and race-based interference with the right to contract under 42 U.S.C. § 1981. The parties consented to transfer the case to a magistrate judge for disposition pursuant to the provisions of 28 U.S.C. § 636(c) and, following a period of discovery, both Moore and the Postal Service filed motions for summary judgment. In an extensive order, the magistrate judge denied the plaintiff's motion for partial summary judgment and granted the defendant's motion for summary judgment in part. The court denied summary judgment

to the Postal Service, however, on Moore's claims of retaliation and of disability discrimination under the Rehabilitation Act.

The parties then engaged in settlement discussions regarding those remaining claims. District court minute entries indicate that settlement conferences were held before the magistrate judge, in the presence of the attorneys for both parties, on March 9 and March 19, 2007.[1] The parties evidently concluded among themselves that an agreement had been reached on all essential matters, because "the Court was so informed and issued an Order . . . dismissing the matter with prejudice." In its entirety, the substantive portion of the order of dismissal filed on March 23, 2007, stated:

> The Court having been advised by the parties that the within action has been settled;
>
> It is ORDERED that this action is hereby DISMISSED with prejudice, provided that any of the parties may, upon good cause shown within sixty (60) days, reopen the action if settlement is not consummated. The Court retains jurisdiction over the settlement contract for the purpose of its enforcement.

---

[1]The record reflects some confusion as to dates of the conferences. Both the defendant and the court refer to further discussions on March 23, 2007, although the mention of the March 23 conference by the court states only that the "Defendant asserts that the case was settled on March 23, 2007 at a settlement conference, the second to be held in this case, and that Plaintiff and counsel for both parties were present." But, the second conference was actually the meeting on March 19. Adding to the confusion over the dates of the settlement discussions was the lack of specificity in the testimony of witnesses at the evidentiary hearing before the magistrate judge. Plaintiff Moore denied any knowledge of a March 23 conference, and even the Postal Service's witness, labor-relations specialist Robyn Funderburg, testified only that she was present at two settlement conferences but could not independently confirm the exact dates of those proceedings.

Furthermore, on March 23, 2007, the date the order was entered, Moore's counsel sent her a letter enclosing a copy of the order of dismissal and emphasizing the 60-day period to reopen. The correspondence also informed the plaintiff that her attorneys would "be in touch shortly when we receive the written agreement from the Postal Service for you to sign."

The plaintiff admits that the 60-day period to reopen the action "would have expired as of May 22, 2007." At that time, however, "[b]oth parties were still in negotiations about the Agreement." The record reflects that after the entry of the order of dismissal, there was a delay in reducing the agreement to writing. On April 12, 2007, the defendant sent to Moore's counsel a proposed draft and offered the names of two independent medical professionals designated to conduct examinations of the plaintiff to ensure her fitness to return to work. The plaintiff, through one of her attorneys, responded on April 16, 2007, by e-mail, suggesting "just 2 minor changes to the settlement agreement" – one that would make clear that the defendant was responsible for the costs of the physical and psychological examinations and another that would provide that the $55,000 damage figure be paid in equal amounts to Moore and to the law firm representing her. That same day, the suggested changes were made by the defendant and a redrafted agreement incorporating the alterations was sent back to Moore's attorneys.

Approximately one week later, on April 24, 2007, Moore visited her lawyers' offices "to read and sign papers." Because she wanted time to review the documents, however,

the plaintiff did not sign the agreement on that day. Furthermore, she refused to sign the agreement on her next visit to counsel's office on April 30, 2007, much to the dismay of her lawyers.

On April 30, 2007, Moore saw another attorney, who had represented her in a workers' compensation matter, and she agreed with that lawyer's assessment that she "was not protected enough" under the terms of the proposed agreement. Consequently, the plaintiff informed her original attorneys, Marc Mezibov and Stacy Hinners, that she was proposing additional revisions to the agreement – explicit provisions that she would be returned to her job in accordance with the applicable collective bargaining agreement, that the Postal Service will abide by all federal laws and regulations prohibiting discrimination or retaliation against her, and that the agreement did not affect existing workers' compensation claims or future claims arising after the date of the agreement. Hinners communicated those requested revisions to the Postal Service and also included three questions the plaintiff raised regarding her pay, benefits, and assignment upon her return to work. In doing so, attorney Hinners expressed her own opinion that "these changes are pretty minor & basically state what is already established in the law or common sense – it will just make [Moore] feel comfortable seeing them in ink."

Once more, the defendant made the requested revisions to the agreement, but Moore again refused to sign the document when presented with the "Revised Settlement Agreement" on June 7, 2007. As a result, Moore's relationship with her attorneys

disintegrated, and she ultimately terminated Mezibov and Hinners as her representatives sometime in July 2007. She later retained the services of a new attorney, Geoffrey Damon, obtained her legal file from Mezibov's firm, and delivered those papers to Damon.

After the passage of two more months, on September 27, 2007, the office of the United States Attorney, representing the Postal Service in this dispute, received a letter from attorney Damon. In that correspondence, Damon outlined seven additional modifications to the settlement agreement that would be necessary before Moore would sign such a document. Specifically, the letter demanded the following changes, some of which constituted substantive alterations:

1. The amount paid to Christine Moore in Paragraph 4C. of the Agreement will be increased from $27,500.00 to $35,000.00; the amount paid to Mezibov & Jenkins will remain the same, $27,500.00[.]

2. The attached bill, Exhibit B, for Medical Insurance in the amount of $2,135.82 will be rendered void with the USPS agreeing to forego any further collection efforts and/or other measures against Ms. Moore as a result of this bill.

3. The Settlement Agreement will expressly provide for the United States District Court to retain jurisdiction over the [settlement] agreement[.]

4. Ms. Moore will expressly be returned to Day Shift, whether in a limited duty position, light duty position or full time carrier position.

5. There will be full restoration of her benefits, health insurance and restitution for all lost contributions to her pension, or other retirement plan.

6. Should there be a breach of the terms of the agreement, then the breaching party will be liable to the non-breaching party for a reasonable award of attorney's fees to be assessed by the District Judge.

7. Any retaliatory measures taken by USPS management against Ms. Moore, will be subject to review [by] the District Court to determine whether or not the agency breached the Settlement Agreement.

By letter of December 10, 2007, the defendant rejected the plaintiff's suggested modifications. Instead, counsel for the Postal Service informed Damon, "We will not negotiate any matters that have already been addressed in the settlement negotiations that resulted in an agreement in principle that was memorialized in the June 2007 Settlement Agreement. . . . We are prepared to implement the terms of the original Settlement Agreement."

On March 29, 2008, Moore filed a motion to reopen the case, alleging that she had never agreed to the terms of the settlement and that "Mr. Mezibov settled [her] case without [her] knowledge, input, agreement, even signature . . . ." The defendant opposed the motion to reopen and made a cross-motion to enforce the settlement agreement originally accepted by the magistrate judge. The district court granted the defendant's motion to enforce the settlement agreement and denied Moore's motion to reopen on multiple grounds. First, the court noted that the original agreement contained a 60-day window to move for reopening should the settlement agreement not be consummated. Moore's motion, filed approximately ten months after the close of that period, was "seriously out of time."[2] Second, the magistrate judge noted that the motion was filed by attorney Damon, who had not properly entered an appearance as counsel pursuant to the relevant local rules of court. Third, the magistrate judge ruled that because Moore "does

---

[2]Even if the 60-day clock were not to begin running until the December 2007 notification by the Postal Service that it would not entertain the plaintiff's suggested modifications, the motion was still not timely.

not dispute that a settlement was reached between her attorneys and Defendant . . . , her

remedy is not reopening her case." From that ruling, Moore now appeals.

## DISCUSSION

### Jurisdiction

Moore first contends that the district court lacked jurisdiction to enforce the parties'

settlement agreement and that the court thus erred in denying her motion seeking to set

aside the judgment of dismissal and to restore this matter to the active docket. Ultimately,

the denial of a motion seeking relief from a final judgment pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure is reviewed for abuse of discretion only. *See Thompson*

*v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). We will find such an abuse of discretion when

we are left with a definite and firm conviction that the district court has committed a clear

error of judgment. *See id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir.

2006)). In this case, however, because the determination upon which the Rule 60(b) ruling

must rest involves a challenge to the district court's jurisdiction, we review such a question

of law *de novo*. *See RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 640-41 (6th Cir.

2001).

Both parties agree that the United States Supreme Court's decision in *Kokkonen v.*

*Guardian Insurance Company of America*, 511 U.S. 375 (1994), provides the analytical

framework for deciding whether a federal court has properly retained jurisdiction over a

settlement agreement and, consequently, over any enforcement issues associated with that agreement. In *Kokkonen*, the Court unanimously recognized that "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Thus, as was the case in *Kokkonen*, a simple order of dismissal based upon the existence of a settlement agreement was insufficient to invoke federal jurisdiction over any related enforcement issues. However, the Court noted that:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.

*Id.* at 381.

In her appellate brief, Moore cites this language but then argues, "Under the *Kokkonen* decision, unless the district court had incorporated the Settlement Agreement into the dismissal order, that [sic] the district court would not have the authority to enforce the alleged settlement agreement." However, this proposition conveniently overlooks the alternative method for invoking federal jurisdiction explicitly mentioned in *Kokkonen*, *i.e.*, inclusion in the order of dismissal of a separate provision retaining jurisdiction over the settlement agreement.

Examining the provision-retaining-jurisdiction language of *Kokkonen*, we have held that the Supreme Court's ruling in that case " requires [only] a reasonable indication that the court has retained jurisdiction, '*such as* a provision "retaining jurisdiction" over the settlement agreement.'" *RE/MAX*, 271 F.3d at 643. Moreover, we have cited with approval the rulings of sister circuits adhering to the broader interpretation of the *Kokkonen* language, including the Fifth Circuit's holding in *Bell v. Schexnayder*, 36 F.3d 447, 448 (5th Cir. 1994), "that the district court had properly retained jurisdiction by including language in its dismissal order that gave the parties the right to reopen the judgment if a settlement was not consummated within sixty days." *RE/MAX*, 271 F.3d at 643 (footnote omitted).

In this case, the district court issued an order of dismissal that also "provided that any of the parties may, upon good cause shown within sixty (60) days, reopen the action if settlement is not consummated." More significantly, the magistrate judge took the advisable, additional step in his dismissal order of *specifically* retaining jurisdiction over any enforcement disputes, by stating that "[t]he Court retains jurisdiction over the settlement contract for the purpose of its enforcement." Because "a provision 'retaining jurisdiction' over the settlement agreement" was expressly included in the order of dismissal, the district court properly exercised jurisdiction in this matter over the Postal Service's request for enforcement.

## Enforcement

Moore next asserts that even if the district court had jurisdiction over the defendant's request for enforcement of the settlement agreement, the court erred in ordering such enforcement because Moore never consented to the agreement and no final, written settlement between the parties had been reached. Whether the parties actually reached an agreement is a question of fact for the district court and an issue that we review for clear error. *See RE/MAX*, 271 F.3d at 645. "[H]owever, we review the district court's decision to grant a motion to enforce the settlement based on its preliminary factual finding for an abuse of discretion." *Id.* (citation omitted).

The district court minutes in this matter clearly indicate that settlement conferences with counsel for Moore and the Postal Service were held before the magistrate judge on March 9 and March 19, 2007. By March 23, 2007, moreover, the parties had advised the court that the action had been settled. In light of the magistrate judge's familiarity with the negotiations and the representations of counsel for the litigants, the record before this court on appeal does not support Moore's assertion that the magistrate judge clearly erred in concluding that an agreement had been reached. In fact, Moore's own declaration accompanying her 2008 motion to reopen the case admits that her then-attorney "settled [the] case," albeit "without [Moore's] knowledge, input, agreement, even signature . . . ."

Given the evidentiary support in the appellate record for the district court's conclusion that an agreement had indeed been reached by the parties, the sole remaining issue on

appeal is whether the magistrate judge abused his discretion in ordering that the settlement agreement be enforced, despite Moore's contentions that she never acquiesced to the terms contained within the agreement, as evidenced by the fact that the agreement was never put in writing. But, we have held that a district court "has the inherent authority and equitable power to enforce agreements in settlement of litigation before it, even if that agreement has not been reduced to writing." *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76-77 (6th Cir. 1985). Indeed, as we stated in *RE/MAX*:

> The existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement.

271 F.3d at 646.

Furthermore, to the extent that plaintiff Moore felt that the terms to which she agreed were "not consummated," the district court allowed her 60 days to "reopen the action." She chose not to avail herself of that option. Because the order of dismissal was entered by the district court on March 23, 2007, Moore had until May 22, 2007, to raise any complaints about the agreement. Although the plaintiff contends that she was, at that time, unaware of the unacceptable terms that her attorney had negotiated on her behalf, the record establishes that Moore was in fact privy to the substance of the settlement document prior to the May 22 deadline. In one of her own declarations, for example, Moore admitted that she was called to attorney Mezibov's office on April 24, 2007, to review and sign the

settlement agreement. She refused to be pressured into action at that time, however, and took the document home with her to review. When she returned to her counsel's office on April 30, 2007, she was again offered the opportunity to sign the agreement, but again declined to do so. There simply can be no dispute that Moore knew of the terms of the agreement within the 60-day period set out in the settlement order.

The magistrate judge's order denying Moore's motion to restore her case to the active docket also recognizes that "even considering the Defendant's representations that the parties continued to correspond until mid-December[ ] 2007 [when the Postal Service indicated that it would no longer negotiate matters to which the parties had already agreed in principle], a March 2008 filing, requesting reopening of the case, is seriously out of time." Indeed, the defendant's correspondence indicating its refusal to engage in further negotiations was dated December 10, 2007, a full 110 days before Moore filed her motion to restore the case to the active trial docket. The plaintiff's failure to abide by the requirements of the dismissal order thus undermines her position on appeal and refutes any intimation on her part that the magistrate judge abused his discretion in ordering the enforcement of the settlement agreement.

Finally, to the extent that Moore's claim on appeal is not that the settlement terms to which she agreed were not consummated, but that she never agreed to *any* terms of settlement whatsoever, this present action is not the proper vehicle to air her grievance. In our legal system, litigants are generally bound by the acts and representations of their

attorneys. *See Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962). In this case, Mezibov represented to the district court that Moore and the Postal Service had reached an agreement on all material issues and that the parties were merely awaiting the ministerial task of reducing their agreement to writing. Thus, if there were indeed no meeting of the minds and no agreement, or if Mezibov withheld crucial information regarding the agreement from his client, Moore's recourse is not through the filing of a Rule 60(b) motion to set aside the court's order of enforcement, but rather through an action against Mezibov for legal malpractice.

## **CONCLUSION**

For the reasons set out above, we conclude that Moore failed to avail herself in a timely manner of the avenues presented to her to challenge the legitimacy of the settlement agreement between her and her employer. The magistrate judge thus did not abuse his discretion in enforcing that agreement. We therefore AFFIRM the judgment of the district court.