# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2020

Lyle W. Cayce
Clerk

No. 19-30803

Shaboyd Pierre Cannon,

*Plaintiff—Appellant*,

*versus*

Southern University Board of Supervisors; Freddie Pitcher, Jr.; John K. Pierre; Tony Clayton,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-527

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Shaboyd Cannon was dismissed as a student from Southern University Law Center for failing to report two arrests on his admission application. He sued the university's Board of Supervisors, Tony Clayton, a former board member, Freddie Pitcher, Jr., the former chancellor of the law

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30803

school, and John Pierre, the current chancellor, alleging violations of his Fourteenth Amendment rights to equal protection and due process.[1] The district court granted summary judgment for Defendants, reasoning that Cannon abandoned his equal protection claim and the undisputed facts showed he was afforded the requisite process. After judgment was entered, Cannon filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and a motion to enforce a settlement that the university purportedly offered earlier in the litigation. The district court denied both motions. Cannon timely appealed. Because we unanimously agree that oral argument is unnecessary under Federal Rule of Appellate Procedure 34(a)(2)(C), Cannon's motions for argument and a hearing are denied.

I

We review summary judgment de novo, applying the same standard as the district court. *Moon v. City of El Paso*, 906 F.3d 352, 357 (5th Cir. 2018). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In applying that standard, we review the same evidence as the district court; parties cannot expand the summary judgment record on appeal. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992) (collecting cases).

Cannon does not challenge the district court's ruling on his equal protection claim. On the due process claim, he argues only that Freddie Pitcher's deposition testimony raises a material dispute as to whether the former chancellor was a biased decisionmaker. But Cannon never presented

---

[1] Cannon also brought a breach of contract claim, which the district court dismissed on sovereign immunity grounds. That ruling is not at issue on appeal.

No. 19-30803

Pitcher's deposition to the district court. In response to Defendants' motion for summary judgment, Cannon submitted just three exhibits—two emails and his own affidavit—all of which the district court found to be inadmissible (a ruling unchallenged by Cannon). *See* Fed. R. Civ. P. 56(c)(2). Because Pitcher's deposition was not part of the summary judgment record before the district court, we cannot consider it on appeal. And because Cannon offers no other reason to reverse the summary judgment ruling, we affirm.

## II

We review the denial of a Rule 59(e) motion for abuse of discretion. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id.* (citation omitted). Here, Cannon again relies on Pitcher's deposition. But he does not contend that the deposition was previously unavailable. Rather, his Rule 59(e) motion was an impermissible attempt "to raise arguments which could, and should, have been made before the judgment issued." *Celanese Corp. v. Martin K. Eby Constr. Co., Inc.*, 620 F.3d 529, 531 (5th Cir. 2010) (citation omitted). The district court did not abuse its discretion in denying it.

## III

We review the decision to enforce a settlement agreement for abuse of discretion. *See Bell v. Schexnayder*, 36 F.3d 447, 450 (5th Cir. 1994). But here, there is no settlement agreement to enforce. We agree with the district court that because "no settlement was agreed to prior to the entry of final judgment in this case, there is no settlement offer to be accepted."

Summary judgment is AFFIRMED; motions are DENIED.